FILED
2023 Jan-27 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:22-CR-35 MHH-GMB** |
| | ) | |
| **TIMOTHY J. PUGHSLEY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS TO CONTINUE AND TO DECLARE CASE COMPLEX**

The United States of America submits this Response to motions to declare the case complex as filed by Defendants Timothy J. Pughsley (Doc.72),[1] Matthew Voorhees (Doc. 73),[2] Jonathan Lind (Doc. 75), Thomas V. Zito (Doc. 76), Nathan Burdette (Doc. 77), Christopher Donaldson (Doc. 78), Christopher Burdette (Doc. 79), Mark Giaquinto (Doc. 80), Gary Rapp (Doc. 84), and David Richards (Doc. 85). Defendant Joshua Gentrup has indicated to counsel for the United States that he will join in the request but has not yet filed a motion or signed waiver.

The United States does not object to the requests and believes that it would be appropriate to designate this case as complex pursuant to the Speedy Trial Act. Title 18, Section 3161(h)(7) of that Act provides that a court may exclude "Any period of

[1] Defendants Pughsley, Donaldson, Christopher Burdette, Rapp, Voorhees, Richards, and Giaquinto have filed signed waivers of the Speedy Trial Act along with their motions to continue.
[2] Defendants Lind, Nathan Burdette, have joined in the motion to continue but have not yet filed a signed waiver of the Speedy Trial Act.

delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." One of the factors that the Court can consider is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, the Court may exclude delay where "the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably . . . deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

This case meets several criteria discussed in Section 3161(h)(7), including complexity, the number of defendants, and the voluminous nature of the discovery to be produced:

1. The Second Superseding Indictment (Doc. 14) includes 114 counts against the named Defendants, including (a) one count of conspiracy (18 U.S.C. §

371) to operate an illegal gambling business under 18 U.S.C. § 1955; (b) 92 counts of tax evasion in violation of 26 U.S.C. § 7201; (c) one count of a money laundering conspiracy in violation of 18 U.S.C. 1956(h), (d) 12 counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and (e) eight counts of violations of the money laundering spending statute, 18 U.S.C. § 1957. The conspiracy and scheme as charged in the Superseding Indictment has multiple facets ranging from the management of the illegal gambling business, efforts to evade excise taxes that were owed to the IRS on wagers the bookmakers are alleged to have accepted from bettors, and alleged acts to launder funds received from bettors and owed to others within the gambling organization. Defendants' conduct is alleged to have occurred over a number of years, in nearly every state in the U.S., and involves hundreds of thousands of wagers from individual bettors and hundreds of bookmakers that were agents in the Red44 Organization.

2. The Superseding Indictment charges a total of 11 Defendants, all of whom have presently entered a not-guilty plea.

3. The discovery in this matter is currently estimated at two terabytes of information. These items include, among others:

a. Electronic documents: hundreds of thousands of pages of financial account records, travel records, investment statements, and transactions involving digital currency over a number of years, emails, and tax

records for the defendants. These items have been processed to load files and uploaded into an Eclipse Database that will be produced to Defendants;

b. Digital Evidence: a copy of the server that hosted the Red44.com website used to manage the gambling business;

c. Video: hours of recorded surveillance operations that occurred over a number of years;

d. Physical Evidence: items seized during the execution of search warrant(s), including paper documents and imaged copies of numerous electronic devices.

4. The United States is working to obtain a minimum of two terabyte hard drives from each of the Defendants to facilitate discovery production, and the Court has entered a protective order governing the documents that will be produced.

Respectfully submitted this the 27th day of January, 2023.

PRIM F. ESCALONA
United States Attorney

*/s/ Catherine L. Crosby*
CATHERINE L. CROSBY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record for all Defendants via CM/ECF on this the 27th day of January, 2023.

*/s/ Catherine L. Crosby*
CATHERINE L. CROSBY
Assistant United States Attorney