FILED
2024 Nov-20 AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No.: 2:22-cr-00035-MHH-GMB** |
| | ) | |
| **GARY RAPP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# PLEA AGREEMENT

The United States and the Defendant, **GARY RAPP**, hereby acknowledge the following Plea Agreement in this case:

The Defendant agrees to (i) plead guilty to Counts 1 and 94 of the Second Superseding Indictment filed in the above-referenced case; (ii) consent to forfeiture as discussed in Section XV of this Agreement; (iii) pay restitution to Internal Revenue Service ("IRS"), in the amount of $2,638,646.14; (iv) waive certain rights to direct appeal and collateral attack as outlined in Section IV of this Agreement; and (v) jointly recommend with the United States at sentencing that the conditions of supervised release include those set forth in Section III(d) of this Agreement. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agree to dismiss Counts 40-42, 67-69, 96, and 108, and recommend the disposition specified below.



Def.'s Initials ________

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The Defendant understands that the maximum statutory punishment that may be imposed for the crime as charged in Count One of the Second Superseding Indictment: Conspiracy to Operate an Illegal Gambling Business, in violation of Title 18, United States Code, Section 371, is:

A. Imprisonment for not more than five years;
B. A fine of not more than $250,000, or
C. Both (a) and (b);
D. Supervised release of not more than three years; and
E. Special Assessment Fee of $100.

The Defendant understands that the maximum statutory punishment that may be imposed for the crime as charged in Count 94 of the Second Superseding Indictment: Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h), is:

A. Imprisonment for not more than 20 years;
B. A fine of not more than $500,000, or
C. Both (a) and (b);
D. Supervised release of not more than three years; and
E. Special Assessment Fee of $100.



Def.'s Initials ____

## II. FACTUAL BASIS FOR PLEA

**The United States is prepared to prove, at a minimum, the following facts at the trial of this case:**

In late 2018, Internal Revenue Service – Criminal Investigation (IRS-CI) received information on an illegal gambling organization operating in Birmingham, Alabama. An anonymous letter was also mailed to local police and Federal agencies regarding the gambling organization. The letter accused many individuals of illegal gambling, listed several gambling websites, and included names and telephone numbers for suspected participants in the scheme.

IRS and other law enforcement agencies opened an investigation and determined that T.H., a United States citizen and a resident of Alabama and Costa Rica, created internet sports betting websites to rent or lease to bookmakers that were hosted on internet servers located in Costa Rica. Fees charged by T.H. to bookmakers that used his websites were typically based on the number of bettors using the site per week, called a per-head fee. One of the individuals that leased a site from T.H. was Timothy J. Pughsley ("Pughsley,"), a bookmaker residing in Birmingham, Alabama. The investigation determined that Pughsley leased the www.RED44.com website from T.H. and has worked with T.H. since at least 2011.



Def.'s Initials ________

The RED44 website operates as the "book" for the bookmakers, or the accounting system that documents bettors' personal information, bets placed, game odds, winners and losers, amounts paid in or out to bettors, bad debts, and amounts owed to other bookmakers. RED44 also calculates other data, such as gross income, expenses, net income, and total wagers accepted by bookmaker, as well as other management percentages that can be used in analyzing a bookmaker's profitability.

As the owner of the RED44 organization, Pughsley operated a highly organized entity with multiple levels of leadership that operated similarly to a multi-level marketing scheme, where each senior agent bookmaker kept a percentage of profits from bookmakers in the organization below them as well as from their own book of bettors that placed bets directly with the senior agent. Pughsley further organized annual training seminars held each August to prepare the bookmakers for the start of the college football season, when most of the wagers are placed by bettors during the organization's fiscal year. Bookmakers within RED44 are responsible for marketing the website, soliciting new bettors, paying out winnings, and collecting losses to and from bettors. Generally, bettors placed bets on credit—no money is exchanged through the RED44 website. Agents within RED44 used bank accounts, PayPal, Venmo, CashApp, GooglePay, cash, and virtual currency to move gambling proceeds between themselves and bettors.



Def.'s Initials ______

Defendant Gary RAPP ("RAPP") was a Senior Agent in RED44 residing in Tennessee. RAPP began working as a bookmaker in RED44 in 2011 and reported directly to Pughsley.

Individuals that accept wagers on sporting events are required to register as a bookmaker with the IRS by filing a Form 11-C each year and must also pay a pro-rated fee of $500. Registered bookmakers must also remit a percentage of accepted wagers to the IRS by declaring these wagers on a Form 730 and filing a wagering excise tax return on or before the last day of the month following the month that wagers were accepted. For bookmakers operating in a state where gambling is illegal, bookmakers must remit two percent of accepted wagers to the IRS.

From 2018 through 2021, Defendant RAPP accepted wagers from bettors through the RED44 organization that totaled $67,888,159.86. However, Defendant RAPP neither registered with the IRS as a bookmaker by filing a Form 11-C nor filed the required wagering excise tax return during this time.

Further, these wagers resulted in the payment of proceeds of illegal gambling activity to Defendant RAPP. Defendant RAPP, having conspired with others in RED44, then knowingly engaged in monetary transactions by, through, and to financial institutions with these criminally derived proceeds. These transactions included the use of digital payment platforms like Zelle, GooglePay, CashApp, PayPal, Venmo, and others to send and receive payments to/from bettors



Def.'s Initials ____

in RED44, with descriptions that avoided references to illegal gambling activity, remitting 11 direct deposits into a bank account held by Pughsley totaling $79,523.15 from 2014 through 2021 that represented the proceeds of illegal gambling activity, making five deposits totaling $111,000 into another of Pughsley's bank accounts, and by filing individual income tax returns with the IRS that provided false descriptions of RAPP's occupation and that underreported RAPP's income. Defendant RAPP failed to disclose most of these funds to the IRS.

All of the Defendant's actions were knowing, deliberate, voluntary, intentional and willful, and were not the result of accident, mistake, or any other innocent reason.

**The Defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the Defendant's sentence. The Defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the Defendant and/or any co-conspirators may have committed.**

GARY RAPP



Def.'s Initials

## III. RECOMMENDED SENTENCE

Subject to the limitations in Section VII regarding subsequent conduct and pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*, the United States will recommend the following disposition:

A. That the Defendant be awarded a two (2) level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. The United States agrees to make a motion pursuant to Section 3E1.1(b) of the *United States Sentencing Guidelines* for an additional one-level decrease in recognition of the Defendant's prompt notification to the United States of the intention to enter a plea of guilty. The United States may oppose any adjustment for acceptance of responsibility if the Defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the Defendant's involvement in the offense; (4) is untruthful with the Court, the United States, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this Agreement and the date of sentencing; or (7) attempts to withdraw the Defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement.

B. That the Defendant be given a sentence consistent with the low-end of the *United States Sentencing Guidelines* range that is determined by the Court on the date that sentence is pronounced;

C. That following the Defendant's completion of the sentence entered by the Court, the Defendant be placed on supervised release for a period to be determined by the Court, subject to the standard conditions of supervised release as set forth in the *United States Sentencing Guidelines* Section 5D1.3;

D. That the Defendant also be required, under the terms of his supervised release:

- to cooperate and assist the IRS in any civil or administrative proceeding involving his tax liabilities, as well as any tax liabilities of businesses owned by him;



Def.'s Initials ____

- to declare to the IRS all bank accounts through which he or any business with which he is or may be associated receive(s) income, from any source;
- to declare to the IRS all assets, real estate or otherwise, in which he has an ownership interest;
- to notify the IRS before transferring title of any assets in the Defendant's name into the names of others;
- to file any and all outstanding U.S. tax returns due from him;
- to file amended returns for the years 2017 through 2022, as requested by the IRS; and
- to pay all outstanding taxes due and owing, on terms as agreed to with the IRS;

E. That the Court, pursuant to an *ex parte* motion to be filed by the United States before sentencing, issue an Order determining that pre-existing records and documents, created independently of the grand jury's inquiry, do not constitute grand jury material protected by Rule 6(e) of the *Federal Rules of Criminal Procedure*, and that said records and documents may be disclosed to the Examination Division of the IRS;

F. That the Defendant be ordered by the Court to pay restitution with respect to his tax liabilities set forth in Section XI, herein, in the amount of $2,638,646.14 ($2,627,313.51 + $11,332.63);

G. That the Defendant be required to comply with the forfeiture provisions set forth in Section XII of this Agreement; and

H. That the Defendant pay a special assessment fee of $200, said amount due and owing as of the date the sentence is pronounced.

## IV. <u>WAIVERS</u>

### *A. STATUTE OF LIMITATIONS WAIVER*

In consideration of the recommended disposition of this case, I, GARY RAPP, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the



Def.'s Initials GR

passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

*B.* ***RIGHT TO APPEAL AND POST-CONVICTION RELIEF***

In consideration of the recommended disposition of this case, I, GARY RAPP, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

**The Defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:**

i. **Any sentence imposed in excess of the applicable statutory maximum sentence(s);**
ii. **Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and**
iii. **Ineffective assistance of counsel.**

The Defendant acknowledges that before giving up these rights, the Defendant discussed the United States Sentencing Guidelines and their application



Def.'s Initials GR

to the Defendant's case with the Defendant's attorney, who explained them to the Defendant's satisfaction. The Defendant further acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, GARY RAPP, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

**GARY RAPP**

## V. UNITED STATES SENTENCING GUIDELINES

The Defendant's counsel has explained to the Defendant, that following the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the *United States Sentencing Guidelines* are advisory in nature. Sentencing is in the Court's discretion and is not required to be within the Guideline range. The Defendant agrees that under this Agreement the Court may use facts it finds by a preponderance of the evidence to reach an advisory Guideline range, and the Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

The United States and the Defendant stipulate and will recommend to the Court that the following provisions of the Guidelines apply:



Def.'s Initials ________

| | |
|---|---|
| Count 1: 18 U.S.C. § 371 | |
| Base Offense Level: 2x1.1(a)(2) | 12 |
| Count 94: 18 U.S.C. § 1956(h) | 12 |
| 2S1.1(b)(2)(B) (convicted under 1956) | +2 |
| 3B1.1(b) (manager/supervisor) | +3 |
| Total | 17 |
| Acceptance | -3 |
| TOTAL | 14 |

The parties further agree that the United States will not seek an enhancement pursuant to §2S1.1(b)(3) for sophisticated laundering.

The United States and the Defendant have not agreed on any further sentencing issues, whether related to the Guidelines or the factors listed in 18 U.S.C. 3553(a), other than those set forth above or elsewhere in this Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under 3553(a), including arguments for a sentence within or outside of the advisory Guidelines range found by the Court at sentencing.

## VI. AGREEMENT NOT BINDING UPON COURT

The Defendant fully and completely understands and agrees that it is the Court's duty to impose a sentence upon the Defendant, and that any sentence recommended by the United States is *not binding upon the Court*, and that the Court is not required to accept the United States' recommendation. Further, the



Def.'s Initials ________

Defendant understand that if the Court does not accept the United States' recommendation, the Defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The Defendant understands that if the Defendant (A) violates any Federal, state, or local law or any condition of pretrial release after entering into this Plea Agreement, (B) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (C) tenders a plea of *nolo contendere* to the charges, (D) violates any other term of this Plea Agreement, and/or (E) does or says anything that is inconsistent with the acceptance of responsibility, the Plea Agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations—express or implied—which are contained herein. Further, such election will not entitle the Defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The Defendant understands and agrees that this Agreement ***does not bind*** any other United States Attorney in any other district, or any other state or local authority.



Def.'s Initials ________

## IX. COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to:

- fully disclose all assets in which he has any interest or over which he exercises control, either directly or indirectly, including those held by a spouse, nominee, or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that the Office provides and as it directs;
- identify all assets over which the Defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the Defendant has or had a financial interest during that time;
- take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant;
- undergo any polygraph examination the United States may choose to administer concerning such assets and to provide an/or consent to the release of the Defendant's tax returns for the previous six years.

The Defendant further agrees that the above information, as well as any of the Defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report for the Defendant to evaluate his ability to satisfy any financial obligation imposed by the Court.



Def.'s Initials ________

## X. PAYMENT OF MONETARY PENALTIES

The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572 all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the Defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the Defendant will be offset and applied to pay the Defendant's unpaid monetary penalties. If the Defendant is incarcerated, the Defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT

As part of the Defendant's Plea Agreement, the Defendant admits to the facts presented in Section II, herein, associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant



Def.'s Initials ______

conduct contained in the factual basis will be used by the Court to determine his range of punishment under the advisory *United States Sentencing Guidelines*. The Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This Agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors that may constitute or relate to relevant conduct.

## XII. RESTITUTION

The Defendant agrees to the imposition of restitution pursuant to 18 U.S.C. § 3663(a)(3) in the full amount of the victim's losses. The Defendant agrees that the Internal Revenue Service is a victim as defined by 18 U.S.C. § 3663(a)(2). The Defendant agrees to pay restitution to the IRS in the amount of $2,638,646.14, as further described in the "Tax Restitution" paragraph below.

The Defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The Defendant further understands that restitution will be enforced pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m). As to the following assets that were previously seized by the United States, the Defendant agrees that he alone has an interest in these funds and properties, and agrees that these funds shall be turned over to the Clerk of Court for the Northern District of Alabama to be placed toward his restitution obligations and special assessment in this case:



Def.'s Initials ____

| Description | Value/Net Equity |
|---|---|
| Bank of America Acct No. 004645147654 | $ 112,493.93 |
| TD Ameritrade Inc. Acct No. 925-370505 | 49,788.27 |
| TD Ameritrade Inc. Acct No. 925-419260 | 1,790,425.60 |
| Simmons Bank Acct No. 110086154 | 37,561.88 |
| US Bank Account No. 104791381726 | 28,310.07 |
| **Total** | **$2,018,579.75** |

## XIII. TAX RESTITUTION

The Defendant agrees that the total amount of tax restitution reflected in this agreement results from the Defendant's conduct as set forth in the Statement of Facts. The amount of tax restitution owed by the Defendant totals $2,638,646.14. The Parties stipulate that the restitution amount is equal to the total excise tax amount owed to the IRS arising from Defendant's criminal conduct, including penalties, with interest.

The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The Defendant understands



Def.'s Initials ______

that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

The Defendant understands and agrees that this Agreement does not resolve his civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from the Defendant relating to the conduct covered by this Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

***Provisions Regarding Restitution Payments***

The Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of Court at the following address:

United States District Court – Northern District of Alabama
Attn: Clerk of Court
1729 5th Ave N.
Birmingham, AL 35203

With each payment to the Clerk of Court made pursuant to the Court's restitution order, the Defendant shall provide the following information:

A. The Defendant's name and social security number;
B. The Court and the docket number assigned to this case;
C. A statement that the payment is being submitted pursuant to the Court's restitution order.



Def.'s Initials ______

The Defendant agrees to include a request that the Clerk of Court send the information, along with the Defendant's payments, to the IRS at the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W Pershing Ave.
Kansas City, Mo 64108

The Defendant also agrees to send a notice of any payments made pursuant to this Agreement to the IRS, including the information listed in the previous paragraph. This notice should be provided to the IRS at the address listed above.

## XIV. TAX, FORFEITURE, AND OTHER CIVIL OR ADMINISTRATIVE REMEDIES

Unless otherwise specified herein, the Defendant understands and acknowledges that this Agreement does not apply to or in any way limit any pending or prospective proceedings related to the Defendant's pending or prospective forfeiture or other civil or administrative proceedings.

The United States agrees not to seek restitution for the Defendant's personal income tax liabilities at sentencing. However, the Defendant agrees that his payment of restitution as set forth in this Agreement only reflects his excise tax liability and does not compromise the ability of the IRS to assess and collect civil taxes and penalties arising from or relating to his personal income tax liabilities, nor does this Plea Agreement preclude the Defendant from acting in good faith to



Def.'s Initials ________

contest any IRS assessment of his personal income taxes, penalties, and interest. If the Court orders the Defendant to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment (26 U.S.C. § 6201(a)(4)) for his excise tax liability. The Defendant does not have the right to challenge the amount of an assessment (26 U.S.C. § 6201(a)(4)(C)) that is equal to a restitution order based on his excise tax liability. Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

## XV. FORFEITURE

The Defendant further agrees to consent to the immediate entry of a final order of forfeiture against the Defendant under Rule 32.2(b)(1) of the *Federal Rules of Criminal Procedure* in the amount of $620,066.39, which represents proceeds the Defendant personally obtained, controlled, and benefitted from as a result of the offenses alleged in Counts One and 94 of the Second Superseding Indictment to which the Defendant is indicating the Defendant's desire to plead guilty by way of this written Plea Agreement. For purposes of entering said order of forfeiture, the Defendant acknowledges that a nexus exists between said amount and the criminal offense to which the Defendant is pleading guilty. The Defendant



Def.'s Initials ______

and the United States understand and agree that a final forfeiture amount will be provided to the Court prior to sentencing, and that the number reflected in this section may be reduced by funds received from the sale of the Defendant's property and residence reflected against which the United States has filed a lis pendens.

The Defendant acknowledges that if, due to an act or omission of the Defendant, directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property that cannot be divided without difficulty, the United States is authorized under law to seek the forfeiture of any and all assets of the Defendant as substitute assets for the purpose of satisfying the final order of forfeiture until same is satisfied in full. As a result, the Defendant consents to the forfeiture of all of the Defendant's property up to the value of $620,066.39, representing proceeds the Defendant personally obtained, controlled, and benefitted from as a result of the offenses alleged in Counts One and 94 of the Second Superseding Indictment.

The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant hereby waives the requirements



Def.'s Initials GK

of Rule 32.2 of the *Federal Rules of Criminal Procedure* regarding notice of the forfeiture in the Second Superseding Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant also waives the requirements of Rule 43(a) of the *Federal Rules of Criminal Procedure* with respect to the imposition of any forfeiture sanction carried out under this Plea Agreement. The Defendant acknowledges that the Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this under Rule 11(b)(1)(J) of the *Federal Rules of Criminal Procedure* at the time the Defendant's guilty plea is accepted.

The Defendant further waives all Constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out under this Plea Agreement on any grounds, including any Double Jeopardy challenges that the Defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of the Second Superseding Indictment or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.



Def.'s Initials ____________

## Non-Abatement of Criminal Forfeiture

The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this Agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this Agreement requires the Defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the Defendant's victims, the Defendant agrees that the forfeiture is primarily remedial in nature.

## Restoration

The United States Attorney's Office for the Northern District of Alabama will recommend to the Attorney General that any net proceeds derived from the sale or seizure of any judicially forfeited assets be remitted or restored to eligible victims of the offense, for which the Defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. pt. 9, and any other applicable laws, if the legal requirements for recommendation are met. The Defendant understands that the United States Attorney's Office only has authority to recommend such relief and



Def.'s Initials

that the final decision of whether to grant relief rests solely with the Department of Justice, which will make its decision in accordance with applicable law and policy.

## XVI. IMMIGRATION STATUS

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one—including his attorney or the Court—can predict to a certainty the effect of his conviction on his immigration status. The Defendant nonetheless affirms that he wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is his automatic removal from the United States.

## XVII. DEFENDANT'S ACKNOWLEDGMENT

I have read and understand the provisions of this Agreement consisting of 25 pages. I have discussed the case and my Constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present



Def.'s Initials ____

evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth here.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours, except as stated here:

________________________________________

(if none, write N/A)

I understand that this Plea Agreement will take effect and will be binding as to the Parties *only* after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding Agreement.

11/19/24
DATE

[signature]
GARY RAPP
Defendant



Def.'s Initials [initials]

## XVIII. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all of its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

11/19/2024
DATE

STEVE FARESE
Defendant's Counsel

## XVIV. UNITED STATES' ACKNOWLEDGMENT

I have reviewed this matter and this Agreement, and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

**PRIM F. ESCALONA**
**United States Attorney**

11/20/2024
DATE

CATHERINE CROSBY
Assistant United States Attorney



Def.'s Initials